# EXHIBIT 1

1  JAMES E. DOROSHOW (SBN 112920)
   JDoroshow@FoxRothschild.com
2  **FOX ROTHSCHILD LLP**
   Constellation Place
3  10250 Constellation Blvd, Suite 900
   Los Angeles, CA 90067
4  Telephone:     (310) 598-4150
   Facsimile:     (310) 556-9828
5
6  Attorneys for Defendant AGELESS SERUMS LLC

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                    **WESTERN DIVISION**

10
   | | |
   |---|---|
11 | EDGE SYSTEMS LLC, a California limited liability company, | Case No. 2:20-cv-09669 FLA (PVCx) |
12 | | Judge:  Fernando L. Aenlle-Rocha |
   | Plaintiff, | |
13 | | **DEFENDANT AGELESS SERUMS LLC'S** |
   | v. | **OBJECTIONS AND RESPONSES TO** |
14 | | **PLAINTIFF'S SECOND SET OF** |
   | AGELESS SERUMS LLC, a Texas | **INTERROGATORIES** |
15 | limited liability company, | **(NOS. 10-14)** |
16 | Defendant. | **HIGHLY-CONFIDENTIAL OUTSIDE** |
   | | **ATTORNEYS' EYES ONLY SUBJECT TO** |
17 | | **PROTECTIVE ORDER** |
18
19 | AGELESS SERUMS LLC, a Texas limited liability company, | **[DEMAND FOR JURY TRIAL]** |
20 | | Complaint Filed:  November 10, 2020 |
   | Counterclaim Plaintiff, | Counterclaim Filed:  December 15, 2020. |
21 | | |
   | v. | |
22 | | |
23 | EDGE SYSTEMS LLC, a California limited liability company, | |
24 | Counterclaim Defendant. | |
25
26

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Ageless Serums LLC ("Ageless" or "Defendant"), hereby submits its objections and responses to Plaintiff's Second Set of Interrogatories Nos. 10-14. These objections and responses are based on Ageless' current understanding, knowledge and belief. As discovery has only recently commenced and this case is in its early stage, Ageless' factual investigation and trial preparation are ongoing. Ageless reserves the right to further supplement its responses as discovery progresses in this action.

Ageless makes the responses and objections set forth below without waiver of and with preservation of: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility of any response, document or thing, and the subject matter thereof, including as evidence for any purpose and in any further proceeding in this action and in any other action; (b) the right to object to the use of any response, document or thing, or the subject matter thereof, on any ground in any further proceeding in this action and any other action; (c) the right to object on any ground at any time to any other interrogatories involving or related to the subject matter of the discovery to which these responses are provided; and (d) the right at any time to review, correct, add to, supplement, or clarify all of the responses contained herein at any time.

Ageless' objections as set forth herein are made without prejudice to Ageless' right to assert any additional and/or supplemental objections should Ageless discover additional grounds for such objections.

## GENERAL STATEMENTS AND OBJECTIONS

Ageless asserts each of the following General Objections and expressly incorporates them into each response set forth below. By providing a specific response to any interrogatory, Ageless does not waive or otherwise limit these General Objections. Furthermore, reference to any of these General Objections in any specific response shall not waive or otherwise limit the applicability of all of these General Objections to each and every response.

2

HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

122481098.v1

Exhibit 1
- 4 -

1.     Ageless objects to the interrogatories to the extent the interrogatories and/or the definitions and instructions contained or incorporated therein are unduly burdensome and oppressive, overly broad, vague, ambiguous and/or to the extent they are inconsistent with and/or seek to impose upon Ageless obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or any order of the Court in this matter.

2.     Ageless objects to the interrogatories to the extent the interrogatories and/or the definitions and instructions contained or incorporated therein seek documents or information not reasonably available to, or not within the possession, custody or control of Ageless.  Such demands are beyond the scope of the Federal Rules of Civil Procedure.  Any response given will therefore be based upon information and/or documents within Ageless' possession, custody or control.  By stating in these responses that it will produce documents or things or is searching for documents or things, Ageless does not represent that any document(s) or thing(s) actually exist, but rather that it will make a diligent search and reasonable inquiry to ascertain whether documents or things responsive to the interrogatories do in fact exist.

3.     Ageless objects to these interrogatories to the extent they seek confidential information prior to the entry of an appropriate Protective Order in this case.    To the extent these interrogatories seek confidential or sensitive information, this information will not be disclosed in discovery until entry of a suitable Protective Order.

4.     Ageless objects to these interrogatories to the extent that they exceed the 25 number limit of interrogatories under Fed. R. Civ. P. 33 when all discrete subparts of the interrogatories are taken into account.

5.     Ageless objects to the Instructions requesting the identification of persons in interrogatories "to be answered by providing sufficient information to enable the undersigned to

3

**HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

122481098.v1

**Exhibit 1**
**- 5 -**

contact the person by telephone and mail, and to serve legal documents on such person," as unduly burdensome, beyond the scope of reasonable discovery under the Federal Rules of Civil Procedure, and designed to unduly harm Ageless.  Ageless can and should only be contacted through its counsel.

6.     Ageless has not completed its investigation of the facts relating to the present litigation.  Ageless' responses to the interrogatories are therefore made to the best of Ageless' present knowledge, information and belief.  These responses are at all times subject to such additional and/or different information that discovery and/or independent investigation or analysis may disclose.  Ageless accordingly reserves the right to modify or supplement its responses to these interrogatories and document production after it has substantially completed its investigation, and as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.

7.     By agreeing to provide information responsive to a particular interrogatory, Ageless does not admit the relevance or admissibility of the information provided.  Nothing contained in any responses herein shall be deemed an admission, concession, or waiver by Ageless as to the relevance, materiality, or admissibility of any information provided in response to the interrogatories.

8.     Ageless objects to the interrogatories to the extent they use language incorporating or calling for a legal conclusion or making an erroneous statement of law.  Ageless' responses herein shall be as to matters of fact only and shall not be construed as stating or implying conclusions of law concerning the matters referenced in any interrogatory.

9.     Ageless objects to the interrogatories to the extent they prematurely and improperly seek expert discovery.  Such information will only be disclosed in accordance with the Court's Scheduling Order.

4

**HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

**Exhibit 1**
**- 6 -**

10.     Ageless objects to the interrogatories to the extent they are not properly limited in subject matter, scope and/or time, employ vague, undefined or uncertain terms or phrases and/or call for investigations or activities the costs or burdens of which are unreasonable under the circumstances, or outweigh the benefits of obtaining such discovery.

11.     Ageless objects to the interrogatories to the extent they call for any information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable doctrine, privilege or immunity, including without limitation, the consulting expert privilege, or prepared in anticipation of litigation, such that it would make the information immune or exempt from discovery. The inadvertent disclosure of any such information shall not signify any intent by Ageless to waive any privilege, protection, or immunity.  Inadvertent disclosure of information that is subject to such privilege, protection, or immunity in response to any of the interrogatories shall not constitute or be deemed to constitute a waiver of any privilege, protection or immunity.

12.     Ageless objects to the interrogatories to the extent they seek information that is already in the possession, custody, or control of Plaintiff or Plaintiff's counsel or to the extent they seek information that is in the public domain and of no greater burden for Plaintiff to obtain.

13.     Ageless objects to the interrogatories to the extent the information requested constitutes or includes confidential and/or proprietary information belonging to third parties, including, but not limited to, when or where Ageless has entered into non-disclosure or confidentiality agreements that prohibit disclosure by Ageless of the third-party's confidential and/or proprietary information without the consent of third parties.

14.     Ageless objects to the Requests to the extent they seek documents or information that is neither relevant to the subject matter of the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Ageless also object to the Requests to the extent they seek

**HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**
122481098.v1

**Exhibit 1**
**- 7 -**

documents where their probative value is substantially outweighed by their unfair prejudice to Ageless or is needlessly cumulative.

15.     Ageless objects to Plaintiff's instructions purporting to describe the manner in which Ageless is to respond to an interrogatory or produce documents and things.  Ageless will respond to the interrogatories in conformity with the Federal Rules and court order and will produce documents in a format mutually agreed to by the parties and consistent with orders by the court.

16.     Ageless reserves the right to supplement these General Objections.  These responses are made solely for the purposes of discovery in the present litigation.  Nothing herein is intended to waive the following objections, which are expressly reserved. All objections as to competence, relevance, authenticity, propriety, materiality and admissibility of any answer to an interrogatory; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any answer or information provided in response to the interrogatory; all objections on any ground to any interrogatory for further responses to these or other discovery requests; and any and all other objections and grounds that would or could require or permit the exclusion of any information, document or statement therein from evidence reserved and may be interposed in discovery, motion or at any hearing or trial in this litigation.

17.     Ageless objects to these interrogatories and Edge's First Set of Interrogatories as containing multiple sub-parts in an effort to circumvent the limits of the number of interrogatories Plaintiffs may propound under the Federal Rules.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 10:

Describe in detail the process of developing and testing the Ageless Serums, including by describing when and where each one was developed, how its formulation was selected, whether and how the serums were tested, and the persons and entities involved in the development process and their roles.

6

**HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

122481098.v1

**Exhibit 1**
**- 8 -**

**RESPONSE TO INTERROGATORY NO. 10**

Ageless objects to this interrogatory to the extent this information can be found in documents which will be produced in this case pursuant to Fed. R. Civ. P. 33(d). Ageless notes that Plaintiff has served document requests simultaneously with these interrogatories asking for documents containing this same information, and to the extent this information can be found in documents requested by these document request, Ageless will identify these document when they are produced.

Ageless further objects to this interrogatory on the grounds that it is over broad, burdensome and seeks disclosure of information that is not relevant to this action. For example, Ageless has not been accused of directly infringing Plaintiff's trademarks and the process of developing and testing Ageless Serums is not relevant to Plaintiff's asserted claims of contributory trademark infringement, Federal, State, and common law unfair competition, inducing breach of contract, or tortious interference with contract.

Subject to the foregoing specific objections and the General Objections, Ageless states that the development of Ageless Serums began in 2014. Three commercially available HydraFacial base formulations were analyzed, Active4, BetaHD, and Antioxidant. An outside chemist analyzed the ingredients and reformulated the serums in order to improve upon updated standards, such as aqua solubility. These became the Ageless Serums. The manufacturer of the Ageless Serums is registered with the U.S. Food and Drug Administration (FDA) and is fully licensed for cosmetic manufacturing. As a licensed manufacturer, it must adhere to strict cGMP controls to ensure batch consistency and quality for the Ageless Serums and standards of the Independent Cosmetic Manufacturers and Distributors (ICMAD), Society of Cosmetic Chemists (SCC), and the Better Business Bureau. The manufacturing facility has clean manufacturing and filling rooms, as well as full R&D, QA and analytical labs.

7

**HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

122481098.v1

**Exhibit 1**
**- 9 -**

**INTERROGATORY NO. 11:**

Describe in detail the manufacturing process for the Ageless Serums, including but not limited to identifying where each serum is manufactured, who manufactures it, where the ingredients are sourced, and what quality control measures are employed.

**RESPONSE TO INTERROGATORY NO. 11**

Ageless objects to this interrogatory to the extent this information can be found in documents which will be produced in this case pursuant to Fed. R. Civ. P. 33(d). Ageless notes that Plaintiff has served document requests simultaneously with these interrogatories asking for documents containing this same information, and to the extent this information can be found in documents requested by these document request, Ageless will identify these document when they are produced.

Ageless further objects to this interrogatory on the grounds that it is over broad, burdensome and seeks disclosure of information that is not relevant to this action. For example, Ageless has not been accused of directly infringing Plaintiff's trademarks and the method of manufacturing Ageless Serums is not relevant to Plaintiff's asserted claims of contributory trademark infringement, Federal, State, and common law unfair competition, inducing breach of contract, and tortious interference with contract.

Subject to the foregoing specific objections and the General Objections, Ageless states that responsive information regarding the manufacture of Ageless Serums can be found above in Ageless' Responses to Interrogatory No. 10.

**INTERROGATORY NO. 12:**

Describe in detail any testing or analysis of the Ageless Serums that relates to a HydraFacial® Serum or device, including but not limited to comparisons of formulations, comparisons of skin care results, and assessments of the compatibility of the Ageless Serum with a HydraFacial® Device.

**RESPONSE TO INTERROGATORY NO. 12**

8

**HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

122481098.v1

**Exhibit 1**
**- 10 -**

Ageless objects to this interrogatory to the extent this information can be found in documents which will be produced in this case pursuant to Fed. R. Civ. P. 33(d).  Ageless notes that Plaintiff has served document requests simultaneously with these interrogatories asking for documents containing this same information, and to the extent this information can be found in documents requested by these document request, Ageless will identify these document when they are produced.

Ageless further objects to this interrogatory on the grounds that it is over broad, burdensome and seeks disclosure of information that is not relevant to this action.  For example, Ageless has not been accused of directly infringing Plaintiff's trademarks and any testing or analysis of the Ageless Serums that relates to a HydraFacial® Serum or device is not relevant to Plaintiff's asserted claims of contributory trademark infringement, Federal, State, and common law unfair competition, inducing breach of contract, and tortious interference with contract.

Subject to the foregoing specific objections and the General Objections, Ageless states that it is not aware of any testing or analysis of the Ageless Serums that relates to a HydraFacial® Serum or device, including but not limited to comparisons of formulations, comparisons of skin care results, and assessments of the compatibility of the Ageless Serum with a HydraFacial® Device, other than customer reviews who have informed Ageless that its serums are an excellent product, are superior to HydraFacial® Serums, and are being offered at a significantly lower price.

**INTERROGATORY NO. 13:**

Describe in detail the factual bases for Your allegations in Counterclaim I of Ageless's First Amended Answer, including but not limited to identifying any alleged unlawful tying, any alleged antitrust injury, any relevant antitrust market, any evidence that Edge has market power in the identified market, and any alleged harm to competition.

**RESPONSE TO INTERROGATORY NO. 13**

9

**HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

122481098.v1

**Exhibit 1
- 11 -**

Ageless objects to this interrogatory to the extent this information can be found in documents which will be produced in this case pursuant to Fed. R. Civ. P. 33(d). Ageless notes that Plaintiff has served document requests simultaneously with these interrogatories asking for documents containing this same information, and to the extent this information can be found in documents requested by these document request, Ageless will identify these document when they are produced.

Ageless also objects to this interrogatory based on the fact that Plaintiff has moved to dismiss Counterclaim I of Ageless' First Amended Answer and that motion is pending with the Court. Until that motion is resolved, Ageless objects to this interrogatory as premature and irrelevant.

Ageless also objects to the this interrogatory to the extent this information is already in possession of Edge since it seeks information regarding Edge's conduct, and in particular, its unlawful tying, its knowledge of the market, its market power, and the harm that it has caused to competitors.

Subject to the foregoing specific objections and the General Objections, Ageless states the following.

Through its License Agreement with its HydraFacial customers, Edge unlawfully forces its customers-licensees to use its HydraFacial equipment only if they also agree to purchase Edge's HydraFacial serum and to exclusively use this serum with the HydraFacial equipment. This is an unlawful tying of the equipment and the serums, which are two distinct separate products. For example, Section 3, paragraph 3.1 of the License Agreement states that:

> In recognition that the HydraFacial system and equipment and the Perk system and equipment only function properly and effectively with the use of Licensor's serum solutions and consumables, Licensee agrees to purchase the serum solutions and consumables used in the Purchased Equipment *solely and exclusively from Licensor or its authorized distributor in good standing*. Any

10

**HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

**Exhibit 1**
**- 12 -**

1
2

> unauthorized use of solutions other than Licensor's is not allowed,
> will void the warranty, and will result in an ***automatic*** termination
> of this License Agreement.

3

*Id.* (emphasis supplied).

4

5

As to the relevant antitrust market and Edge's market power, Edge has already defined this

market through its Complaint which states at paragraph 8 that:

6
7
8
9
10

> Edge is a worldwide leader in the design, development,
> manufacture, and sale of high-quality skin resurfacing and
> rejuvenation systems, including microdermabrasion and
> hydradermabrasion systems. These systems rejuvenate skin by
> cleansing and exfoliating the skin surface, extracting debris from
> pores, and then nourishing the skin's surface with a therapeutic
> solution, called a "serum," that moisturizes and protects the treated
> skin surface.

11

Edge has also filed complaints in different courts and jurisdictions against many other

12

parties around the country that include similar allegations about how "Edge is at the forefront of

13

the cosmetic industry and has worked continuously to bring new technology and breakthrough

14

processes to the market. Edge has grown to become an iconic brand and is now widely recognized

15

throughout the United States." Complaint. *Edge v. Aguila*, Case No: 1:14-cv -24517-KMM (S.D.

16

Fla.).  Edge further alleges in the same pleading as it does here that: "Edge's premium product is

17

its revolutionary HydraFacial MD hydradermabrasion system …an innovative non-ablative facial

18

rejuvenation system." *Id.* at 12.

19

20

Moreover, in its opposition to Edge's motion to dismiss Counterclaim I of Ageless' First

21

Amended Answer, Ageless has provided information responsive to this interrogatory.  For

22

example, Ageless attached numerous articles describing Edge's acquisition and market power as

23

exhibits to Ageless' Opposition to Plaintiff's Motion to Dismiss (Dkt. 21-1).  These include

24

announcements about a 2016 acquisition of Edge by DW Healthcare Partners and Linden Capital

25

Partners. As part of the 2016 acquisition, it was reported that Edge had over 7,000 systems in

26

place with dermatologists, plastic surgeons, and medical spas across 75 countries. Edge is also

11

**HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

122481098.v1

**Exhibit 1
- 13 -**

reported to hold over 17 U.S. and worldwide patents, with an additional 14 pending in 2016 at this time. Edge has also itself reported it had over a million HydraFacial systems installed throughout the world at the time of announcing the 2016 acquisition.

As recently as December 2020, it has also been reported that there was a merger with a company cofounded by the former CEO of Allergen (i.e., Vesper Heather Acquisition Corp.) ("Vesper"). At that time, Edge was reported to have a market value of $1.1 billion. As part of this merger, Edge has been now listed on NASDAQ. Vesper was also reported to have gone public itself just a few months earlier after Abbie Inc. closed a $65 billion deal for Allergen. The same 2020 article further states that HydraFacial's skin-cleansing products are available in over 87 countries. *See id.* Ex. 3.

Still other publications announced that Edge had built relations with over 15,000 HydraFacialist and treated over 3 million consumers annually - - "and we are just getting started." *Id.* In one December 2016 article discussing Edge's acquisition by Linden and DWHP, it states that Edge has a 23-years history, and since the time of the 2016 acquisition, HydraFacial had generated compound annual revenue growth of more than 50% through 2019. The article further states: "[o]verall HydraFacial currently has over 15,000 delivery systems in more than 87 countries" for its products. It adds: "In 2019, 3.2 million HydraFacial treatments were performed worldwide." *See id.* at Ex. 3. HydraFacial also holds itself out as the number one consumer brand in its industry. At the same time, it claims that it is "the Gold Standard of Facials" and "the industry leader in delivering moisture to revolutionize … a medical grade device." *Id*.

As to Edge's antitrust harm to Ageless, Edge is the cause of injury to Ageless and impaired competition in the relevant markets. By the terms of its License Agreement, Edge requires its customers-licensee to buy serum exclusively from Edge, and not from anyone else. This of course results in injury to both Ageless (whose ability to sell substitute products to customers-licensees is

12

HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

122481098.v1

Exhibit 1
- 14 -

1   impaired) (resulting in significant reduction in revenue to Ageless and to other potential

2   competitors in the marketplace), and to competition. Since Edge has market power in the relevant

3   market for its equipment, Edge has the ability to exclude competition in the tied market, and,

4   among others, to exclude competition and manipulate pricing so that higher prices can be charged.

5   Consumers have complained that they are paying higher prices for Edge's products due to Edge's

6   ability to increase pricing because of its superior market power.

7   **INTERROGATORY NO. 14:**

8
9   Describe in detail the factual basis for Your allegations in Counterclaim IV of Ageless's
    First Amended Answer, including but not limited to identifying the Ageless customer-licensees
    You allege Edge induced to terminate their business relations with Ageless, when such
10  termination occurred, and all communications with the Ageless customer-licensee relating to the
    termination.

11
12  **RESPONSE TO INTERROGATORY NO. 14**

13  Ageless objects to this interrogatory to the extent this information can be found in

14  documents which will be produced in this case pursuant to Fed. R. Civ. P. 33(d).  Ageless notes

15  that Plaintiff has served document requests simultaneously with these interrogatories asking for

16  documents containing this same information, and to the extent this information can be found in

17  documents requested by these document request, Ageless will identify these document when they

18  are produced.

19  Subject to the foregoing General Objections, Ageless states that responsive information

20  can be found in Ageless' Supplemental Response to Interrogatories No. 6 and 7.

21  Dated:    May 10, 2021

22
                                        Respectfully submitted,
23
                                        _____/s/ James E. Doroshow_____
24                                      James E. Doroshow (SBN 112920)
                                        Fox Rothschild LLP
25                                      10250 Constellation Blvd.
                                        Suite 900
26                                      Los Angeles CA 90067

                                        13
**HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**
122481098.v1

**Exhibit 1
- 15 -**

1

(310) 228-6990 – direct
(310) 556-9828 – fax
jdoroshow@foxrothschild.com

2

3

4

***Attorneys for Defendant Ageless Serums LLC***

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

122481098.v1

**Exhibit 1**
**- 16 -**

## VERIFICATION OF INTERROGATORY ANSWERS

I, Rene Chlumecky, am the co-owner of Ageless Serums, LLC.  I believe, based on reasonable
inquiry, that the foregoing **DEFENDANT AGELESS SERUMS LLC'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
(NOS. 10-14),** dated May 10, 2021, are true and correct to the best of my knowledge,
information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: May 10, 2021


Rene Chlumecky

**Exhibit 1**
**- 17 -**

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to this action.  My business address is:  Fox Rothschild LLP, Constellation Place, 10250 Constellation Blvd, Suite 900, Los Angeles, CA 90067.

On May 10, 2021, I served the following document(s):

**DEFENDANT AGELESS SERUMS LLC'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-9);**

**DEFENDANT AGELESS SERUMS LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES (NOS. 10-14);**

**DEFENDANT AGELESS SERUMS LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 56-71); AND**

**DOCUMENT PRODUCTION WITH BATES RANGE AGL000001-AGL000002;**

on the below interested party(ies) in this action as follows:

| | |
|---|---|
| Craig S. Summers, Esq.<br>Paul A. Stewart, Esq.<br>Ali S. Razai, Esq.<br>Karen M. Cassidy, Esq.<br>David G. Kim, Esq.<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street, Fourteenth Floor<br>Irvine, CA 92614<br>Craig.summers@knobbe.com<br>paul.stewart@knobbe.com<br>ali.razai@knobbe.com<br>Karen.cassidy@knobbe.com<br>David.kim@knobbe.com<br>Telephone: (949) 760-0404<br>Facsimile: (949) 760-9502 | Attorney for Plaintiff<br>*EDGE SYSTEMS LLC* |

**[BY FIRST CLASS MAIL]:**  I placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

**[BY MESSENGER]:**  I served the documents by placing them in an envelope or package addressed to the persons at the address listed above and providing them to a professional messenger service for service.

**Exhibit 1**
**- 18 -**

1   **[BY FACSIMILE]:**  I caused said document(s) to be faxed to the facsimile number(s) above.

2   **[BY OVERNIGHT DELIVERY]:**  I caused said document(s) to be deposited at an overnight delivery facility, addressed to the above-listed person(s) for delivery the next business day.

3

4   X   **[BY EMAIL]:**  I electronically served the above document(s) from twang@foxrothschild.com to the email address of the addressee(s) listed above.

5

6   **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

7   **[FEDERAL]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

8

9

10   Executed this 10th day of May 2021 at Los Angeles, California.

11                                        */s/ Tina Wang*
                                         Tina Wang

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28