1  JAMES E. DOROSHOW (SBN 112920)
   JDoroshow@FoxRothschild.com
2  **FOX ROTHSCHILD LLP**
   Constellation Place
3  10250 Constellation Boulevard, Suite 900
   Los Angeles, California 90067
4  Telephone:  (310) 598-4150
   Facsimile:  (310) 556-9828
5  Attorneys for Defendant and Counterclaim
6  Plaintiff AGELESS SERUMS LLC
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**
10

11
   | EDGE SYSTEMS LLC, a California | Case No. 2:20-cv-09669 FLA (PVCx) |
12 | limited liability company, | |
   | | Judge:  Fernando L. Aenlle-Rocha |
13 | | |
14 | Plaintiff, | **DEFENDANT AGELESS SERUM LLC'S** |
   | v. | **RESPONSE TO PLAINTIFF EDGE** |
15 | | **SYSTEM LLC'S STATEMENT OF** |
   | | **UNCONTROVERTED FACTS AND** |
16 | AGELESS SERUMS LLC, a Texas | **CONCLUSIONS OF LAW IN SUPPORT** |
   | limited liability company, | **OF EDGE'S MOTION FOR SUMMARY** |
17 | | **JUDGMENT ON AGELESS ANTITRUST** |
18 | Defendant. | **DEFENSES** |
19 | | |
   | | Complaint Filed:       October 21, 2020 |
20

21

22

23

24

25

26

27

28

Pursuant to Local Rule 56-2, Defendant Ageless Serums LLC ("Ageless") hereby submits the following Response to the Statement of Unconverted Facts and Conclusions of Law submitted by Plaintiff Edge Systems LLC ("Edge") in support of Edge's Motion for Summary Judgment on Ageless' antitrust defense:

## I.     UNCONTROVERTED  FACTS

| | PLAINTIFF'S UNDISPUTED  FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| 1. | Ageless' Fifth Affirmative Defense is entitled "Inequitable Relief" and asserts: "Edge's claims for injunctive relief are barred because such relief would be inequitable. Given the facts alleged in Ageless' Counterclaims below (***including Edge's antitrust and unfair competitive practices***), it would be inequitable to award  any  of the  equitable  relief  Edge seeks in its Complaint." | Dkt. 41 ¶ 5 (emphasis added). | Admitted. |

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| 2. | Ageless' Ninth Affirmative Defense is titled "Unlawful Tying and Illegality" and asserts: "One or more of Edge's claims are barred because they are illegal and constitute ***unlawful tying in violation of federal and state antitrust laws***. *See e.g.* Sherman Act *15 U.S.C. § 1* and the Clayton Act (*15 U.S.C. § 114*), as well as State law (*see e.g.*, the California *Cartwright Act § 16700 et. seq. and § 16727*). See also Counterclaim at para. 10." | Dkt. 41 ¶ 9 (emphasis added). | Admitted. |
| 3. | Ageless has come forward with no substantial evidence defining the relevant economic market for the alleged tying product – Edge's HydraFacial® System. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 | This is a legal argument not a statement of fact.  It is disputed in any event.  Ageless and Edge have both defined the relevant single-product tying market in their respective pleadings. *See* Third Am. Answer and Counterclaim [Dkt 41] at |

3

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | | (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | ¶ 26; Complaint [Dkt. 1] at ¶ 8. Ageless defines the relevant single-product tying market in its Answer and Counterclaims ("TAC") [Dkt 41] at ¶26 as "The HydraFacial Systems and Equipment (The Tying Product)," and Edge has done the same in its Complaint at ¶ 8. There is also evidence in the record to show that Edge and its market analysts consider Edge's HydraFacial equipment to be a "unique," "revolutionary," patented product that according to Edge and its market analysts faces no "serious competition" and enjoys "price inelasticity" in the single-product tying market that Edge controls. *See e.g.*, Doroshow Decl., Exs. 16, 17. |

4

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | | | This statement may also not be relevant for purposes of proving a per se violation. |
| 4. | Ageless has come forward with no substantial evidence that this is one of the extremely rare cases in which a single brand – such as Edge's HydraFacial® System – constitutes the relevant economic market for the alleged tying product. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | This is a legal argument not a statement of fact. It is also an incorrect, incomplete statement of the law which fails to cite contrary governing legal authority. *See Apple, Inc. v. Psystar Corp.*, 586 F. Supp. 2d 1190 (N.D. Cal. 2008); *Eastman Kodak Company v. Image Technical Services, Inc.*, 504 U.S. 451 (1982), *Newcal Industries, Inc. v. IKON Office Solution*, 513 F.3d 1038 (9th Cir. 2008); *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2 (1984); *United States v. Loew's Inc.*, 371 U.S. 38 (1962). Where, as here, a product is claimed to be a "unique," "revolutionary" |

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ

135479769.3

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | | | product that faces no competition and which enjoys price inelasticity the law permits the plaintiff to prove that there is a single-product tying market or submarket.<br><br>This statement may also not be relevant for purposes of proving a per se violation. |
| 5. | To the contrary, Ageless' Third Amended Complaint identifies Image MicroDerm, Inc. and Aesthetic Skin Systems LLC as offering to "perform services and treatments that compete with Edge's HydraFacial Systems…." | Dkt. 41 ¶ 47. | Admitted that there are references to these companies in the TAC. Disputed that these references mean that Edge has competition in the relevant single-product tying market at issue in this case. Rather, these allegations are made as proof that there are no reasonably interchangeable products or services in the relevant single-product HydraFacial tying |

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ

135479769.3

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | | | equipment market. Paragraph 47 of the TAC is also not quoted in its entirety.  Ageless has not alleged the referenced companies compete with Edge.  Instead, as the allegations in ¶ 47 clearly states, the allegation is that it is "Edge [who] has alleged" that these companies are its competitors.<br><br>This statement may also not be relevant for purposes of proving a per se violation. |
| 6. | In addition, Ageless' Third Amended Complaint  also identifies  as "potential competitors to Edge" the following companies: (1) Bio-Therapeutic,  Inc., (2) Naumkeag Spa & Medical Supplies, LLC,  (3) Hydradermabrasion  Systems, | Dkt. 41 ¶38 & Exs. G-N thereto. | Admitted that there are references to these entities in the TAC. Disputed that these references mean that Edge has competition in the single-product tying product market that is at issue here. Rather, these allegations are found in the TAC as proof that there |

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ
135479769.3

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | (4) Aesthetic Skin Systems, LLC, (5) Image Microderm Inc., (6) Venus Concept USA, Inc., (7) Cartessa Aesthetics, LLC, and (8) Ageless. | | are no reasonably interchangeable substitute products or services in the single-product Hydra Facial equipment tying market. Edge also mischaracterizes this allegation in the TAC. Paragraph 38 of the TAC addresses the **tied product market** for serums, **not the tying product market** for HydraFacial equipment.  It is not necessary to prove market power in the tied product market for serums.  The TAC also alleges (Section 2) that it is Edge who has filed lawsuits against these companies for patent infringement because Edge **(not Ageless)** considers them to be "potential competitors" in the HydraFacial market.  Edge is therefore not accurately |

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ

135479769.3

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | | | quoting or citing the TAC or the Exhibits it references. The statement may also not be relevant for purposes of a proving per se violation. |
| 7. | Further, Ageless' Founder and Managing Partner, Rene Chlumecky, identified the third-party SilkPeel system as competing with Edge's HydraFacial® hydroderm-abrasion system. | Ex. 2 (Chlumecky 11/17/21 Depo.) at 37:1-16. | Disputed. The examiner asked the witness about the state of competition in 2011-2012 when Mr. Chlumecky was an Edge sales representative. Edge by its own account has made many major changes and improvements to its HydraFacial systems after 2011-2012, and Edge and its analysts now state that there is no competition in the HydraFacial equipment market and Edge enjoys price inelasticity. This statement may also not be relevant for purposes of proving a per se violation. |

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ
135479769.3

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| 8. | Ageless has come forward with no substantial evidence defining the relevant antitrust market for the alleged tying product with reference to the rule of interchangeability. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Accordingly, there is no evidence to cite in support of this uncontroverted fact. | This is a legal argument not a statement of fact. It is disputed in any event. The relevant, tying equipment market is clearly defined both in the TAC (Section 2 at p. 31) and in Edge's Complaint.  Edge's financial reports also make clear that Edge considers its equipment and serums as being in a separate product markets. *See* Doroshow Decl., Exs. 18-22.<br><br>Where, as here, Edge claims there are no competing products, there are no interchangeable products that can be substituted for Edge's HydraFacial systems.<br><br>This statement may also not be relevant for purposes of proving a per se violation. |

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ

135479769.3

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| 9. | Ageless has come forward with no substantial evidence defining the relevant antitrust market for the alleged tying product with reference to cross-elasticity of demand. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | Disputed.  There is factual evidence to prove that the relevant tying market is a single-product market (Edge's HydraFacial equipment). *See e.g.*, Doroshow Decl., Ex. 17 and Edge's statements about how "unique" and "revolutionary" its systems are, and how Edge is a "market leader" for its services who faces no competition and permits Edge price inelasticity.  This statement may also not be relevant for purposes of proving a per se violation. |
| 10. | Ageless has served no expert report purporting to define the relevant antitrust market for the alleged tying product. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, | This is a legal argument not a factual statement.  It is disputed in part in any event.  Admitted in the California action. Pending in the Texas action. *See* Doroshow Decl., Ex. 11.  It is also disputed that expert testimony is needed in |

11

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ

135479769.3

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | | 322-23 (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | this action.<br><br>This statement may also not be relevant for purposes of proving a per se violation. |
| 11. | Ageless has come forward with no substantial evidence defining the relevant economic market for the alleged tied product – Edge's HydraFacial® Serums. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | This is a legal argument not a statement of fact. It is disputed in any event. The relevant tied serum market is clearly defined in the TAC (Section 2 at p. 31) and in Edge's Complaint.  (¶¶ 21, 31-32). Edge's financial reports also make clear that Edge considers its serums to be in a separate, defined tied product market. *See* Doroshow Decl., Exs. 18-22.<br><br>This statement may also not be relevant for purposes of proving a per se violation. |
| 12. | Ageless has served no expert report purporting to define the relevant antitrust market for the alleged tied product. | This motion relies upon the absence of evidence supporting affirmative defenses on which | This is a legal argument not a factual statement. It is disputed in part in any event. Admitted in the California |

12

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | | Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | action. Pending in the Texas action. *See* Doroshow Decl., Ex. 11. It is also disputed that expert testimony is needed in this action. The serum market is clearly defined as the tied market that includes Edge's serum and reasonably interchangeable third party serums such as Ageless' serums.<br><br>This statement may also not be relevant in any event for purposes of proving a per se violation. |
| 13. | Ageless has come forward with no substantial evidence that Edge has market power in any alleged tying market. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, there is | This is a legal argument not a factual statement. Disputed in any event. *See* Tanella Decl., Ex. 1; Doroshow Decl., Exs. 16-23; Chlumecky Decl., Ex. 2; Edge Compl., including Edge's and its analysts' allegations about how Edge has a "unique," "revolutionary" product that |

13

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | | no evidence to cite in support of this uncontroverted fact. | faces no competition and enjoys price inelasticity.<br><br>This statement may also not be totally relevant for purposes of proving a per se violation. |
| 14. | Ageless has come forward with no substantial evidence estimating the market shares of any of the many competitors or potential competitors it has identified, or of Edge itself. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | This is a legal argument not a statement of fact. It is disputed in any event. According to Edge and its market analysts there are no competitors in the single-product tying market for Edge's HydraFacial systems that is at issue in this case. As such, without competition, Edge has complete total market share in the market at issue here.<br><br>The statement may also not be relevant for purposes of proving a per se violation. |
| 15. | Ageless has come forward with no substantial evidence | This motion relies upon the absence of | This is a legal argument not a statement of fact. It is |

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ
135479769.3

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | of the impact of any alleged barriers to entry on the existence of any alleged market power. | evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | disputed in any event. *See* Doroshow Decl., Exs. 14, 17-23; Tanella Decl., Ex. 1; Chlumecky Decl., Exs. 1, 4. Among other proof of market barriers, Ageless sells serums at half the price that Edge does which work equally well (if not better) than Edge's serum, yet Edge has seen increased sales and profits after introducing its Authenticity Campaign in 2020.<br><br>The statement may also not be relevant for purposes of proving a per se violation. |
| 16. | Ageless has come forward with no substantial evidence regarding the ability of existing competitors to increase their output in the short run. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 | This is a legal argument not a statement of fact. It is disputed in any event. There is proof there are no competitors in the single-product market. *Id.* Thus, proof of output by other companies is not needed |

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ

135479769.3

| | PLAINTIFF'S UNDISPUTED  FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | | U.S. 317, 322-23 (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | when there is no competition by Edge's and its analysts' own accounts.<br><br>This statement may also not be relevant for purposes of proving a per se violation. |
| 17. | Ageless has served no expert report purporting to establish that Edge has market power in any relevant economic market for the alleged tying product. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | This is a legal argument not a factual statement.  It is disputed in part in any event. Admitted in the California action. Pending in Texas action. *See* Doroshow Decl., Ex. 11.  Disputed that an expert is necessary in this action to prove market power. There is factual proof to prove that Edge has market power. *See* Response to Plaintiff's Undisputed Fact No. 13.<br><br>This statement may also not be relevant for purposes of a per se violation. |
| 18. | Ageless has come forward with no substantial evidence | This motion relies upon the absence of | This is a legal argument not a factual statement. It is |

16

135479769.3

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | that Edge has tied together the sales of its HydraFacial® Systems and its HydraFacial® Serums. | evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | disputed in any event. *See* Tanella Decl., Ex. 1; Doroshow Decl., Exs. 5-6, 10. |
| 19. | Ageless relies upon an email communication from Edge to its trademark licensees to establish a tie. | Dkt. 41 ¶ 25. | Admitted in part if this is a reference to Edge's Authenticity Campaign announcement. *See* Doroshow Decl., Ex. 5. Disputed that this is the only evidence of tying in this action. *See e.g.,* Tanella Decl., Ex. 1. |
| 20. | However, nothing in that email requires a purchaser of Edge's HydraFacial® Systems to also purchase Edge's HydraFacial® Serums. | *Id.* (quoting email). | This is a legal argument not a factual statement. It is disputed in any event. *See* Doroshow Decl., Ex. 5; Tanella Decl., Ex. 1. The Authenticity Campaign |

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ
135479769.3

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | | | clearly states that unless an Edge serum is used by an Edge customer-licensee they are prohibited from providing HydraFacial services. |
| 21. | At most, Edge's email encourages or requires licensees of Edge's **trademarks** to purchase Edge's serums to use the HydraFacial® **mark** in connection with their skincare services. | *Id.* (quoting email). | This is a legal argument not a factual statement. It is disputed in any event. *See* Doroshow Decl., Ex. 5; Tanella Decl., Ex. 1. The Authenticity Campaign clearly states that unless an Edge serum is used by an Edge customer-licensee they are prohibited from offering HydraFacial services. |
| 22. | Ageless has come forward with no substantial evidence that Edge has caused harm to competition in any economic market. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, | This is a legal argument not a factual statement. It is disputed in any event. *See* Response above to Plaintiff's Undisputed Fact No. 15. |

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ

135479769.3

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| | | there is no evidence to cite in support of this uncontroverted fact. | |
| 23. | Ageless has served no expert report addressing the issue of harm to competition in any economic market. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | This is a legal argument not a factual statement. It is disputed in part in any event. Admitted in California action. Pending in Texas action. *See* Doroshow Decl., Ex. 11. Disputed that an expert is needed in this action to prove harm to competition. There is factual proof to prove there is no competition in the relevant tied market and that Edge's illegal conduct is harming competition in the tying serum product market. *See* Tanella Decl., Ex. 1; Chlumecky Decl.; Doroshow Decl., Exs. 17-22. <br><br> This statement may also not be necessary for purposes of proving a per se violation. |

19

| | PLAINTIFF'S UNDISPUTED FACT | SUPPORTING EVIDENCE | RESPONSES |
|---|---|---|---|
| 24. | Ageless has taken no depositions of third parties regarding any antitrust issues. | This motion relies upon the absence of evidence supporting affirmative defenses on which Ageless bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, there is no evidence to cite in support of this uncontroverted fact. | Denied. *See* Doroshow Decl., Ex. 14 (Azeal deposition transcript dated November 29, 2022). Ageless has also attempted to depose Edge and its representatives regarding Ageless' antitrust claim and defenses, including Edge's Authenticity Campaign, but Edge has refused to allow Ageless to conduct relevant discovery. |

## II.   CONCLUSIONS OF LAW

1.     Summary judgment is appropriate where a party cannot establish a necessary element of its claim or defense. When this circumstance arises, there is no longer any triable issue of fact for the claim or defense, since the party cannot prevail on it at trial. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

2.     To establish tying to support its antitrust defenses, Ageless must establish at least four elements. First, Ageless must define relevant economic antitrust markets for the alleged tying and tied products. *Packaging Sys., Inc. v. PRC–Desoto Int'l, Inc.*, 268 F.Supp.3d 1071, 1083 (C.D. Cal. 2017). Second, Ageless must show that Edge has economic market power in the market for the alleged tying product. *Paladin Assocs., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1159 (9th Cir. 2003). Third, Ageless must show that Edge has engaged in actual tying, i.e., that Ageless went beyond "persuasion and coerced or forced its customer to buy the tied product in order to obtain the tying product." *Id.*

Fourth, Ageless must show that the alleged tying harmed competition in the tied product market. *Packaging Sys.*, 268 F. Supp. 3d at 1086.

**A.** **Establishment Of The Relevant Economic Markets For The Alleged Tying And Tied Products**

3.     Market definition is a "highly technical economic question." *Morgan, Strand, Wheeler & Biggs v. Radiology, Ltd.*, 924 F.2d 1484, 1490 (9th Cir. 1991).

4.     Accordingly, the courts generally require expert testimony to define a relevant economic market in antitrust cases.  *AFMS LLC v. United Parcel Service Co.*, 105 F.Supp.3d 1061, 1076 (C.D. Cal. 2015) ("Without any expert testimony to opine on the scope of the relevant market, it is difficult to see how Plaintiff could meet its evidentiary burden."); *Hynix Semiconductor Inc. v. Rambus, Inc.*, No. CV–00–20905 RMW, 2008 WL 73689, at *10 (N.D Cal. Jan. 5, 2008) ("Establishing market definition in this case likely requires expert testimony.  Given the complexity of the task, a jury likely cannot conclude that two technologies are 'close substitutes' and hence comprise a relevant technology market without expert testimony."). See also *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1246 (11th Cir. 2002) ("Construction of the relevant market and a showing of monopoly power must be based on expert testimony.").

5.     In addition, the party alleging an antitrust violation must "define its proposed relevant market with reference to the rule of reasonable interchangeability and cross-elasticity of demand." *Packaging Sys.*, 268 F. Supp. 3d at 1083.

6.     "Single-brand markets are, at a minimum, extremely rare. Even where brand loyalty is intense, courts reject the argument that a single branded product constitutes a relevant market." *Apple, Inc. v. Psystar, Corp.*, 586 F.Supp.2d 1190, 1198 (N.D. Cal. 2008).

**B.** **Market Power In The Economic Market For The Alleged Tying Market**

7.     When a party fails to establish a relevant market, "the market power inquiry cannot be made." *Blizzard Entm't, Inc. v. Ceiling Fan Software LLC*, 2013 WL 12143935 at *3 (C.D. Cal. Jan. 07, 2013).   Without "a definition of the relevant market, it is

135479769.3

impossible to determine market share." *Golden Boy Promotions LLC v. Haymon*, 2017
WL 460736 at *10 (C.D.Cal. Jan. 26, 2017).

8. Moreover, an assessment of market power must consider whether there are
"significant barriers to entry" and whether "existing competitors lack the capacity to
increase their output in the short run." *Id.*

**C.   The Existence Of Tying**

9. "Essential" to a tying claim is "proof that the seller coerced a buyer to
purchase the tied product." *Paladin Assocs.*, 328 F.3d at 1159. "A plaintiff must present
evidence that the defendant went beyond persuasion and coerced or forced its customer to
buy the tied product in order to obtain the tying product." *Id.*

10. Under the "first sale" or "exhaustion rule of trademark law, the purchaser of
goods bearing a trademark is entitled to continue using and may even resell the trademark-
bearing goods without the trademark owner's consent. *Sebastian Int'l, Inc. v. Longs Drug
Stores Corp.*, 53 F.3d 1073, 1074-75 (9th Cir. 1995); J.T. McCarthy, McCarthy on
Trademarks & Unfair Competition

11. § 25:41 (5th ed.). "Trademark rights are 'exhausted' as to a given item upon
the first authorized sale of that item." McCarthy § 25:41.

12. Under this principle, Edge's customers are free as a matter of law to continue
using their Edge HydraFacial® Systems, bearing Edge's HydraFacial® mark, without a
trademark license from Edge. If this were not true, consumers could not drive their
legitimately purchased Ford cars without scraping off all of Ford's trademarks. Thus,
Ageless' allegation that Edge's customers cannot use their Edge HydraFacial®Systems if
they lose their license to promote their services under the HydraFacial® mark necessarily
fails as a matter of law.

13. The mere fact that Edge allegedly provided preferred pricing to customers
who purchase Edge HydraFacial Systems and Edge HydraFacial Serums does not
constitute tying. See, e.g., *Paladin Assocs.*, 328 F.3d at 1160 ("We have not found evidence

135479769.3

of coercion where a defendant used a package discount to encourage buyers to take both products.").

**D.**     **Harm To Competition**

14.     To establish tying, "a plaintiff must allege and ultimately prove facts showing a significant negative impact on competition in the tied product market." *Packaging Sys.*, 268 F. Supp. 3d at 1086 (internal quotations omitted).

Dated:  August 19, 2022                    Respectfully submitted

                                           FOX ROTHSCHILD LLP


                                           By:*/s/ James E. Doroshow*
                                              James E. Doroshow
                                              Attorneys for Defendant and Counterclaimant
                                              AGELESS SERUMS LLC

DEFENDANT AGELESS SERUM'S RESPONSE TO PLAINTIFF EDGE SYSTEM'S
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO MSJ

135479769.3